Filed 8/24/20  P. v. Wollett CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK OREN WOLLETT,<br><br>    Defendant and Appellant. | 2d Crim. No. B299129<br>(Super. Ct. No. F411505002)<br>(San Luis Obispo County) |

Patrick Oren Wollett appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1170.95.  Wollett contends the court erred in finding that Senate Bill No. (SB) 1437, pursuant to which section 1170.95 was enacted, is unconstitutional.  We agree and accordingly reverse.

### FACTUAL AND PROCEDURAL HISTORY

In December 2007, Wollett and codefendant Chad Westbrook assaulted Joshua Houlgate with a baseball bat and a metal object after discovering him in bed with Wollett's brother's

---

[1] All further undesignated statutory references are to the Penal Code.

fiancé.  When Houlgate tried to escape, Westbrook retrieved a shotgun and fatally shot him.  Wollett was subsequently convicted of first degree murder (§§ 187, subd. (a), 189) and assault with a deadly weapon (§ 245, subd. (a)(1)).  The jury also found true allegations that Wollett personally inflicted great bodily injury in committing the assault (§ 12022.7, subd. (a)), that he personally used a deadly weapon in committing the murder (§ 12022, subd. (b)), and that a principal was armed with a firearm in committing the murder (§ 12022, subd. (a)(1)).  Wollett was sentenced to an aggregate term of 32 years to life in state prison.

On appeal, we reversed Wollett's conviction of first degree murder due to instructional error regarding the natural and probable consequences doctrine of accomplice liability.  (*People v. Wollett* (Feb. 16, 2012, B224204) [non-pub. opn.].)  In doing so, we noted that "the prosecution did not argue that Wollett was liable for the murder because of his *subjective* intent to commit, facilitate, or encourage the murder.  The prosecution argued that Wollett aided and abetted the assault and the murder was a natural and probable consequence of the assault, and the jury was instructed only on that theory.  The instruction stated that, to find Wollett guilty of premeditated murder, the jury must find that he committed assault with a deadly weapon, a coparticipant in the assault committed the offense of murder, and a reasonable person in Wollett's position would have known that *murder* was a natural and probable consequence of the assault.  [Citation.]" (*Id.* at p. 5.)

In reversing the first degree murder conviction, "[w]e conclude[d] that the trial court erred in failing to instruct the jury that to convict [Wollett] of first degree premeditated murder under the natural and probable consequences rule, the jury must find that *first degree premeditated murder*, *not simply murder*,

2

was a natural and probable consequence of the assault." (*People v. Wollett, supra*, B224204, at pp. 1-2.) The prosecution was given the option of either retrying Wollett for first degree murder or accepting a modification of the judgment to reflect a conviction of second degree murder. (*Id*. at p. 11.) After the prosecution announced that it would not retry Wollett for first degree murder, the trial court resentenced Wollett for second degree murder and assault with a deadly weapon to an aggregate term of 21 years to life in state prison.

Following the enactment of SB 1437, Wollett filed a petition for resentencing pursuant to section 1170.95. The prosecution moved to dismiss the petition on the ground that SB 1437 is unconstitutional. In its motion, the prosecution contended that SB 1437 unconstitutionally amended Propositions 7 and 115. The prosecution also argued that SB 1437 conflicts with the Victims' Bill of Rights Act of 2008 (Marsy's Law). In its reply to Wollett's opposition, the prosecution further asserted that SB 1437 violates the separation of powers doctrine by undermining the finality of court judgments.

In denying Wollett's petition, the trial court concluded that SB 1437 "violate[s] the California Constitution by violating the separation of powers doctrine, the constitutional requirement for finality of judgments, and the due process protections accorded both the parties, and by unconstitutionally amending Propositions 115 and 7. Accordingly, [Wollett] cannot, as a matter of law, secure the relief . . . section 1170.95 purports to offer."

## DISCUSSION

Wollett contends the trial court erred in denying his petition for resentencing under section 1170.95 based on the finding that SB 1437 is unconstitutional. We agree.

3

SB 1437, which went into effect on January 1, 2019, amended the definition of murder in sections 188 and 189 to narrow the scope of the felony murder rule and the natural and probable consequences doctrine.  (Stats. 2018, ch. 1015, §§ 2-3, p. 6679.)  The measure also added section 1170.95 to establish a procedure whereby persons previously convicted of murder, who could not be convicted under the new definitions, could petition to have their convictions vacated.  "If the petitioner is found eligible for relief, the murder conviction must be vacated and the petitioner must be resentenced 'on any remaining counts in the same manner as if the petitioner had not been previously . . . sentenced, provided that the new sentence, if any, is not greater than the initial sentence.'  (§ 1170.95, subd. (d)(1).)"  (*People v. Bucio* (2020) 48 Cal.App.5th 300, 307, review denied July 8, 2020, S262499 (*Bucio*).)

Before Wollett filed his opening brief, our colleagues in Division One of the Fourth Appellate District issued two opinions upholding the constitutionality of SB 1437.  (*People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, review denied February 19, 2020, S259700 (*Gooden*) [SB 1437 did not amend Propositions 7 and 115]; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, review denied February 19, 2020, S259835 (*Lamoureux*) [SB 1437 did not unconstitutionally amend Propositions 7 and 115 and did not violate the separations of powers doctrine or Marsy's Law].)  After briefing was completed, we issued an opinion following *Gooden* and *Lamoureux* in rejecting all four of the constitutional challenges at issue in this appeal.  (*Bucio, supra*, 48 Cal.App.5th at p. 306.)  Since then, numerous other courts have issued opinions rejecting identical constitutional challenges to SB 1437.  (See *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896; *People v. Alaybue* (2020) 51 Cal.App.5th 207; *People. v. Lopez* (2020) 51 Cal.App.5th

589; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Smith* (2020) 49 Cal.App.5th 85; *People v. Solis* (2020) 46 Cal.App.5th 762 ; *People v. Cruz* (2020) 46 Cal.App.5th 740.)

Although the People address *Gooden* and *Lamoureux* in their respondent's brief, they did not submit any supplemental briefs addressing *Bucio* or the numerous other cases uniformly holding that SB 1437 is constitutional.[2]  Because we have already rejected all four of the grounds upon which the trial court in this case found SB 1437 to be unconstitutional (*Bucio*, *supra*, 48 Cal.App.5th at p. 306), and the People have declined to address that decision or the many other recent published decisions that have all reached the same conclusion, we deem it sufficient for present purposes to once again hold—pending a contrary decision by our Supreme Court—that SB 1437 is constitutional.

## DISPOSITION

The order dismissing Wollett's section 1170.95 petition is reversed, and the matter is remanded for the trial court to consider the merits of the petition.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN,  Acting P. J.          TANGEMAN, J.

[2] We grant the People's unopposed request for judicial notice of documents regarding the legislative histories of Propositions 7 and 115 and SB 1437.  (Evid. Code, § 452, subs. (c), (d).)

Dodie Harman, Judge

Superior Court County of San Luis Obispo

_____

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Dan Dow, District Attorney, Christopher Peuvrelle, Melissa Chabra, Deputy District Attorneys, for Plaintiff and Respondent.